1  GREENBERG TRAURIG, LLP
2  GREGORY F. HURLEY (SBN 126791)
   MICHAEL J. CHILLEEN (SBN 210704)
3  3161 Michelson Drive, Suite 1000
   Irvine, California 92612
4  Telephone: (949) 732-6500
   Facsimile: (949) 732-6501
5  Email: hurleyg@gtlaw.com;
   chilleenm@gtlaw.com
6
7  Attorneys for Defendant STARBUCKS CORPORATION,
8  a Washington corporation

9

10              UNITED STATES DISTRICT COURT

11     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  TIMOTHY VONDERSAAR,
    individually, and on behalf of other
14  members of the general public
    similarly situated,
15

16          Plaintiffs,

17  vs.

18  STARBUCKS CORPORATION, a
19  Washington corporation, and DOES 1-
    10.,
20

21          Defendants.

22

CV12-05027 DDP (FMOX)

DEFENDANT STARBUCKS
CORPORATION'S NOTICE OF
REMOVAL OF ACTION UNDER 28
U.S.C. § 1441(a) (Federal Question)

Los Angeles Superior Court
Case No. BC484410

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

OC 286,926,610v1 6-6-12

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendant Starbucks Corporation, a Washington corporation (hereinafter "Defendant"), hereby removes to this Court the state court action described below:

## I.     FILING AND SERVICE OF THE COMPLAINT.

1.     On May 10, 2012, plaintiff Timothy Vondersaar, individually, and on behalf of other members of the general public similarly situated, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") commenced an action against Defendant in the Superior Court of the State of California for the County of Los Angeles, Case Number BC484410, entitled "*Timothy Vondersaar, individually, and on behalf of other members of the general public similarly situated, versus Starbucks Corporation, a Washington corporation, and DOES 1-10*," by filing a Complaint.

2.     Defendant was served with the Complaint on May 11, 2012.  True and correct copies of the Complaint and all other documents served upon Defendant is attached hereto as Exhibit "A".  Defendant has not yet responded to the Complaint. Defendant is  the only named defendant.  To Defendant's knowledge, no other defendants have been named or served.

## II.     THIS COURT HAS FEDERAL QUESTION JURISDICTION.

3.     This action is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1443, in that it appears from the Complaint that Plaintiff has filed a civil rights action, and his claims are founded on a claim or right arising under the laws of the United States.

4.     More specifically, the Complaint alleges that it is a civil rights action alleging discrimination claims under the American with Disabilities Act, 42 U.S.C. § 12101 et seq. (Complaint ¶¶ 36-42).

OC 286,926,610v1 6-6-12

III.    **THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.**

5.      The filing of this Notice of Removal is filed within the time period required under 28 U.S.C. § 1446(b).

6.      Defendant will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal within the law division of the Superior Court of California, County of Los Angeles, as further required by that Section.

7.      Venue is proper in this Court because the action is being removed from the Superior Court in the County of Los Angeles.

8.      The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court of the County of Los Angeles be removed to this Court.


DATED:  June 8, 2012                         GREENBERG TRAURIG, LLP


                                             By _____
                                                Gregory F. Hurley
                                                Michael J. Chilleen
                                                Attorneys for Defendant
                                                STARBUCKS CORPORATION

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

OC 286,926,610v1 6-6-12

# EXHIBIT A

1  Miguel A. Custodio, Jr. (SBN 248774)
   custodio@custodiolaw.com
2  Vineet Dubey (SBN 243208)
   dubey@custodiolaw.com
3  LAW OFFICES OF MIGUEL A. CUSTODIO, JR.
   3055 Wilshire Blvd., Suite 480
4  Los Angeles, California 90010
   Telephone: (213) 785-2909
5  Facsimile: (213) 785-2899

6  James Kawahito (SBN 234851)
   Email: jkawahito@kswlawyers.com
7  Shawn C. Westrick (SBN 235313)
   Email: swestrick@kswlawyers.com
8  KAWAHITO SHRAGA & WESTRICK LLP
   1990 South Bundy Drive Ste. 280
9  Los Angeles, California 90025
   Telephone: (310) 746-5300
10 Facsimile: (310) 593-2520

11 Attorneys for Plaintiff Timothy Vondersaar and Class Members

12

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                COUNTY OF LOS ANGELES, CENTRAL DISTRICT

15                          UNLIMITED JURISDICTION

16

17 TIMOTHY VONDERSAAR, individually,       Case Number: BC484410
   and on behalf of other members of the general
18 public similarly situated,              **CLASS ACTION COMPLAINT**

19          Plaintiff,                      (1) Violation of the Americans With
                                            Disabilities Act, 42 U.S.C. § 12181, et seq.
20
      vs.                                   (2) Violation of Unruh Civil Rights Act, Cal.
21                                          Civ. Code § 51, et seq.
22 STARBUCKS CORPORATION, a
   Washington corporation, and DOES 1-10,  **Demand for Jury Trial**
23
            Defendants.
24

25

26

27

28

Plaintiff Timothy Vondersaar (hereinafter "Plaintiff"), individually and on behalf of all other similarly situated putative Class Members, alleges as follows:

## INTRODUCTION

1)     Starbucks Corporation ("Defendant") is a nationwide company that owns and operates coffee shops throughout the country.   Plaintiff is informed and believes that Defendant owns and/or operates over one thousand (1,000) coffee shops in the state of California alone.

2)     Plaintiff is informed and believes that Defendant maintains strict controls over the design and layout of each coffee shop.  Moreover, all designs and layouts must be approved by a central, in-house design committee.  Plaintiff is informed and believes that each of Defendant's coffee shops has a cashier counter where customers pay for their orders and a separate service/pick-up counter/handoff where customers generally receive their beverage orders.

3)     Notwithstanding the size of Defendant's operations in California and its obligation to ensure equal access to disabled and handicapped customers, Defendant has discriminated and continues to systematically discriminate against individuals in wheelchairs and scooters by maintaining service/pick-up counters/handoffs far higher than those permitted under federal and state laws in many of its coffee shops.  As a result, the service counters are not readily accessible to Plaintiff and other disabled individuals in wheelchairs and scooters.

4)     This complaint seeks injunctive relief forcing Defendant to correct its discriminatory practices so that Plaintiff and Class Members can have full and equal access to Defendant's coffee shops.  This complaint also seeks statutory minimum damages to compensate Plaintiff and Class Members for these barriers to access.

## JURISDICTION AND VENUE

5)     This action is brought as a class action pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

6)     Plaintiff's claims arise under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA") and the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* (the "Unruh Act").

- 1 -

1     7)     This Court has jurisdiction over this action pursuant to California Constitution Article

2 VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by

3 statute to other courts." The statutes under which this action is brought do not specify any other

4 basis for jurisdiction.

5     8)     This Court has jurisdiction over Defendant due to its sufficient minimum contacts in

6 California as well as the fact that it has intentionally availed itself of the California market so as to

7 render the exercise of jurisdiction over it by the California courts consistent with traditional notions

8 of fair play and substantial justice.

9     9)     Venue is proper in this Court because, upon information and belief, the named Defendant

10 transacts significant business in Los Angeles County and has received substantial compensation for

11 the sale of products in Los Angeles County. Furthermore, it is in Los Angeles County where a

12 substantial number of Class Members reside.

13 **THE PARTIES**

14     10)     Plaintiff is and at all times mentioned in this complaint was a resident of Los Angeles

15 County, State of California.

16     11)     Plaintiff is a "person with physical disabilities," as defined by all applicable California

17 and United States laws. Plaintiff requires the use of a wheelchair to travel about the public.

18 Consequently, Plaintiff is a member of that portion of the public whose rights are protected by the

19 provisions of Health and Safety Code § 19955, *et seq.* (entitled "Access to Public Accommodations

20 by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code

21 §§ 51 and 51.5.

22     12)     Defendant, a Washington corporation, is the owner and operator, licensor, joint venturer,

23 agent and/or lessors, of the public accommodations known as Starbucks coffee shops located

24 throughout the state of California, or of the building and/or buildings which constitute said public

25 accommodations.

26     13)     At all times relevant to this complaint, Defendant owned and operated the subject coffee

27 shops as public accommodations. These businesses are open to the general public. These

28 businesses are "public accommodations" or "public facilities" subject to the requirements of

California Civil Code §§ 51 and 51.5.     - 2 -

14)     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names and capacities.

15)     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendant and DOES 1-10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policies of Defendant Starbucks Corporation.

16)     At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17)     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

18)     Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

19)     All claims alleged herein arise under California and Federal law for which Plaintiff seeks relief authorized by California and Federal law.

20)     The proposed class consists of and is defined as:

> All persons with disabilities who use wheelchairs or electric scooters in California, who were denied, or are currently being denied, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations in Defendant's coffee shops, within the relevant time periods prior to the filing of this complaint until resolution of this lawsuit, by virtue of the fact that Defendant

- 3 -

1  employed service/pick-up counters/handoffs in excess of the

2  maximum height set forth by the ADA.

3  21)  There is a well-defined community of interest in the litigation:

4  a.  Numerosity:  The members of the class are so numerous that joinder of all members

5  would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at

6  this time, however, the class is estimated to consist of thousands of individuals.  The class is readily

7  ascertainable by virtue of the fact that Class Members may easily self-identify whether they have

8  visited Defendant's establishments containing unlawful service/pick-up counters/handoffs.

9  b.  Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the

10  interests of each Class Member with whom he has a well-defined community of interest, and

11  Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated

12  herein.

13  c.  Adequacy:  Plaintiff is qualified to, and will, fairly and adequately, protect the

14  interests of each Class Member with whom he has a well-defined community of interest and

15  typicality of claims, as alleged herein.  Plaintiff acknowledges that he has an obligation to make

16  known to the Court any relationship, conflicts, or differences with any Class Member.  Plaintiff's

17  attorneys and class counsel are versed in the rules governing class action discovery, certification,

18  and settlement.  Plaintiff has incurred, and throughout the duration of this action will continue to

19  incur costs and attorneys' fees that have been, are, and will be necessarily expended for the

20  prosecution of this action for the substantial benefit of each Class Member.

21  d.  Superiority:  The nature of this action makes the use of class action adjudication

22  superior to other methods.  Class action will achieve economies of time, effort and expense as

23  compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can

24  be adjudicated in the same manner and at the same time for the entire class.

25  e.  Public Policy Considerations:  California public accommodations frequently violate

26  laws aimed at preventing discrimination against disabled and handicapped individuals.  Often a

27  lawsuit, in the form of a class action, may be the only way to prevent systematic abuses for large-

28  scale violators like Defendant.

22)    There are common questions of law and fact as to the class that predominate over questions affecting only individual members, including but not limited to:

a.    Whether Defendant's coffee shops are "public accommodations" as defined by the ADA;

b.    Whether Defendant's coffee shops are "business establishments" as defined by the Unruh Act;

c.    Whether Defendant's coffee shops that contain service/pick-up counters/handoffs in excess of the maximum height mandated by the ADA deny full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, or accommodations to people who use wheelchairs or scooters, in violation of the ADA;

d.    Whether Defendant's coffee shops containing service/pick-up counters/handoffs in excess of the maximum height mandated by the ADA deny full and equal accommodations, advantages, facilities, privileges, or services to persons who use wheelchairs or scooters, in violation of the Unruh Act;

e.    Whether the alleged violations of the ADA create independent violations of the Unruh Act;

f.    Whether the adjustment of the offending service/pick-up counters/handoffs to a height consistent with ADA requirements is readily achievable; and

g.    Whether an injunction is proper to force Defendant to comply with ADA regulations.

## FACTUAL ALLEGATIONS

23)    Plaintiff is informed and believes, and thereon alleges, that Defendant owns and/or operates over one thousand (1,000) retail coffee shops in the state of California under the "Starbucks" banner.

24)    Plaintiff is informed and believes, and thereon alleges, that Defendant has a centralized, in-house design committee that reviews the specifications, layouts, and designs for all of Defendant's coffee shops in California.  All layouts, designs, and specifications, including the dimensions of the service/pick-up counters/handoffs, must be approved by the design committee prior to opening a coffee shop.

25)     Plaintiff is informed and believes, and thereon alleges, that because the specifications, layouts, and designs for all of Defendant's California coffee shops are approved by Defendant's in-house design committee, whether or not a particular coffee shop has a service/pick-up counter/handoff that is higher than permissible under the ADA is readily ascertainable through common proof including, but not limited to, the records maintained by the design committee.

26)     Plaintiff is informed and believes, and thereon alleges, that all of Defendant's California coffee shops were opened after 1992.

27)     Plaintiff is a C-6/C-7 quadriplegic by virtue of suffering a gymnastics injury at the age of 16. Since that time, he has required the assistance of a wheelchair.

28)     Plaintiff is a regular coffee drinker and has visited several of Defendant's coffee shops between January 29, 2012, and the present. These include Defendant's locations at: 14540 Baldwin Park Towne Ctr. Dr., Baldwin Park, CA 91706; 101 W. Mission Blvd., Pomona, CA 91766; 3620 Rosemead Blvd., Rosemead, CA 91770; 3000 San Gabriel Blvd., Rosemead, CA 91770; 2919 Los Feliz Blvd., Los Angeles, CA 90039; 2560 Glendale Blvd., Los Angeles, CA 90039; 82 S. Lake Ave., Pasadena, CA 91101; and 1601 Wilshire Blvd., Los Angeles, CA 90017.

29)     Each of these locations contained a service/pick-up counter/handoff that was higher than 36 inches (915 mm).

30)     Due to the height of the service/pick-up counters/handoffs, they were difficult for Plaintiff to reach.

31)     Plaintiff is informed and believes, and thereon alleges, that hundreds of Defendant's coffee shops throughout the state of California also contain a service/pick-up counter/handoff that is higher than 36 inches (915mm). Through a preliminary investigation, Plaintiff has uncovered at least fifty (50) such locations in Southern California alone. These include, but are not limited to, Defendant's locations at: 8622 Garfield Ave., South Gate, CA 90280; 1687 E. Colorado Blvd. Pasadena, CA 91106; 3931 W. Artesia Blvd., Torrance, CA 90504; 3737 Pacific Coast Highway, Torrance, CA 90505; 10831 Foothill Blvd, Rancho Cucamonga, CA 91730; 10540 Baseline Rd., Rancho Cucamonga, CA 91701; 1041 N. Milliken Ave., Ontario, CA 91764; 2453 Harbor Blvd., Ventura, CA 93001; 607 E. Main St., Ventura, CA 93001; 4820 Telephone Rd., Ventura, CA

- 6 -

1  93003; 28120 The Old Road, Valencia, CA 91355; 26441 Bouquet Canyon Rd., Santa Clarita, CA

2  91350; 27984 Seco Canyon Rd., Santa Clarita, CA 91350; 3800 W. Alameda Ave., Burbank, CA

3  91505; 2440 5th Ave., San Diego, CA 92101; 3675 Murphy Canyon Road, San Diego, CA 92123;

4  20 City Blvd. W #416, Orange, CA 92868; 25912 La Paz Road, Laguna Hills, CA 92653; 523 W.

5  6th St., Los Angeles, CA 90014; 800 W. Olympic Blvd., Los Angeles, CA 90015; 3303 S. Hoover

6  St., Los Angeles, CA 90007; 5960 Canoga Ave., Woodland Hills, CA 91367; 4900 Topanga

7  Canyon, Woodland Hills, CA 91364; 3525 W. Carson St., Torrance, CA 90503; 28160 Newhall

8  Ranch Rd., Santa Clarita, CA 91355; 26802 The Old Road Valencia, CA 91381; 321 W. Esplanade

9  Dr., Oxnard, CA 93036; 1421 E. Grand Ave., Arroyo Grande, CA 93420; 2530 S. Broadway, Santa

10  Maria, CA 93454; 919 S. Central Ave., #F, Glendale, CA 91204; 130 S. Brand Blvd., Glendale, CA

11  91204; 1200 N. Pacific Ave., Glendale, CA 91202; 1711 N. Victory Pl., Burbank, CA 91502; 2575

12  N. Hollywood Way, Burbank, CA 91505; 1759 W. Artesia Blvd., Gardena, CA 90248; 475 Foothill

13  Blvd., #M, La Canada Flintridge, CA 91101; 6840 Reseda Blvd., Reseda, CA 91335; 581 W. Tefft,

14  Nipomo, CA 93444; 784 W. Washington St., San Diego, CA 92103; 2556 Lansing Rd., San Diego,

15  CA 92106; 4800 Laurel Canyon, Valley Village, CA 91607; 4708 E. 2nd St., Long Beach, CA

16  90803.

17      32)     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of,

18  the goods and services of Defendant, and have been frustrating and injurious to Plaintiff's and Class

19  Members' dignity.

20      33)     Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should

21  have known that Plaintiff and Class Members are entitled to equal access of its facilities and that

22  Defendant is required to provide service/pick-up counters/handoffs that conform to the maximum

23  height requirements set forth in the ADA.

24      34)     Plaintiff is informed and believes, and thereon alleges that there are no architectural or

25  structural barriers, which prevented Defendant from installing service/pick-up counters/handoffs

26  that conform to the maximum height requirement in the first instance.  Moreover, the adjustment of

27  the service/pick-up counters/handoffs to conform to ADA standards is readily achievable.

28

1    35)    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should

2    have known that it was required to follow the ADA guidelines with respect to the height of its

3    service/pick-up counters/handoffs.

4                                    **FIRST CAUSE OF ACTION**

5                              **Violation of Americans With Disabilities Act**

6                                    **42 U.S.C. § 12181 *et seq.***

7    36)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

8    allegations set out in paragraphs 1 through 35.

9    37)    Title III of the ADA provides that "[n]o individual shall be discriminated against on the

10   basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

11   advantages, or accommodations of any place of public accommodation by any person who owns,

12   leases (or leases to), or operates place of public accommodation." 42 U.S.C. § 12812(a).

13   38)    Plaintiff is informed and believes, and thereon alleges, that Defendant owns and/or

14   operates all of the coffee shops bearing the Starbucks banner in California.

15   39)    Defendant's coffee shops are places of public accommodation as defined in the ADA.

16   40)    ADA guidelines mandate that the maximum height for service counters shall be no

17   higher than 36 inches (915mm) above the floor or ground.

18   41)    Plaintiff is informed and believes, and thereon alleges, that Defendant's in-house design

19   committee has approved and continues to approve layouts and specifications for its coffee shops

20   where the service/pick-up counters/handoffs are in excess of 36 inches.   Therefore, many of

21   Defendant's coffee shops are in violation of the provisions of the ADA as they contain barriers to

22   access for Plaintiff and other Class Members who use wheelchairs and/or scooters.

23   42)    In the absence of the injunction requested herein, Defendant will continue to discriminate

24   against Plaintiff and other Class Members in preventing the equal access to enjoyment of goods,

25   services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's

26   Starbucks coffee shops in violation of Title III of the ADA, 42 U.S.C. § 12181 *et seq.* and/or its

27   implementing regulations.

28

- 8 -

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### Violation of Unruh Act

### Cal. Civ. Code § 51, *et seq.*

43) Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 42.

44) Defendant's coffee shops are business establishments as defined under the provisions of the Unruh Act.

45) The Unruh Act provides that all persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

46) The Unruh Act incorporates violations of the ADA and/or California state accessibility regulations as violations of the Unruh Act.

47) The failures on the part of Defendant, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove discriminatory policies, practices and procedures are construed as a "negligent per se."

48) Defendant's acts and omissions as specified above have denied Plaintiff and Class Members full and equal accommodations, advantages, facilities, privileges and services in a business establishment on the basis of their physical disabilities.

49) As a legal result of the violation of Plaintiff's civil rights as described herein, Plaintiff and Class Members are entitled to the rights and remedies of § 52(a) of the California Civil Code, including, but not limited to, minimum statutory damages, trebling of actual damages (defined by § 52(h) of the Civil Code to mean "special and general damages"), as well as reasonable attorneys' fees and costs.

///

///

///

///

**REQUEST FOR JURY TRIAL**

Plaintiff, on behalf of himself and on behalf of all others similarly situated, requests a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and on behalf of all others similarly situated, prays for relief and judgment against Defendant follows:

Class Certification

1. That this action be certified as a class action; and

2. That Plaintiff be named as the class representative of the proposed class.

As to the First Cause of Action

(Violation of the ADA)

1. For an injunction ordering Defendant to comply with the statutes and guidelines set forth herein;

2. For reasonable attorneys' fees and for costs of suit incurred herein; and

3. For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

(Violation of the Unruh Act)

1. For minimum statutory damages, defined as $4,000 per incident or violation as set forth in California Civil Code § 52;

2. For general and compensatory damages according to proof;

3. For treble damages;

4. For reasonable costs and attorneys' fees of suit incurred herein;

5. For pre-judgment interest pursuant to California Civil Code § 3291; and

///

///

///

CLASS ACTION COMPLAINT

1      6. For such other and further relief as the Court may deem equitable and

2      appropriate.

3

4  Dated:  May 10, 2012                   Respectfully Submitted,

5

6                                  By:

                                  Miguel A. Custodio, Jr.

7                                LAW OFFICES OF MIGUEL A.

                                CUSTODIO, JR.

8                                Attorneys for Plaintiff/Class Members

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Miguel A. Custodio, Jr. SBN #248744
Law Offices of Miguel A. Custodio, Jr.
3055 Wilshire Blvd, Suite 480
Los Angeles, CA 90010
TELEPHONE NO.: (213) 785-2909    FAX NO.: (213) 785-2899
ATTORNEY FOR *(Name):* Plaintiff Timoth Vondersaar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

FOR COURT USE ONLY

**FILED**
Los Angeles Superior Court

MAY 10 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

CASE NAME:
Vondersaar vs. Starbucks Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC484410 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Two (2)
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 10, 2012
Miguel A. Custodio, Jr.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Vondersaar vs. Starbucks Corporation | BC484410 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 7_____ ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07) | CIVIL CASE COVER SHEET ADDENDUM | LASC, rule 2.0 |
|---|---|---|
| LASC Approved 03-04 | AND STATEMENT OF LOCATION | Page 1 of 4 |

| SHORT TITLE: Vondersaar vs. Starbucks Corporation | CASE NUMBER |
|---|---|

<table>
<tr>
<td><strong>A</strong><br>Civil Case Cover<br>Sheet Category No.</td>
<td colspan="2"><strong>B</strong><br>Type of Action<br>(Check only one)</td>
<td><strong>C</strong><br>Applicable Reasons<br>-See Step 3 Above</td>
</tr>
<tr>
<td rowspan="2">Professional<br>Negligence<br>(25)</td>
<td>☐ A6017</td><td>Legal Malpractice</td>
<td>1., 2., 3.</td>
</tr>
<tr>
<td>☐ A6050</td><td>Other Professional Malpractice (not medical or legal)</td>
<td>1., 2., 3.</td>
</tr>
<tr>
<td>Other (35)</td>
<td>☐ A6025</td><td>Other Non-Personal Injury/Property Damage tort</td>
<td>2., 3.</td>
</tr>
<tr>
<td>Wrongful Termination<br>(36)</td>
<td>☐ A6037</td><td>Wrongful Termination</td>
<td>1., 2., 3.</td>
</tr>
<tr>
<td rowspan="2">Other Employment<br>(15)</td>
<td>☐ A6024</td><td>Other Employment Complaint Case</td>
<td>1., 2., 3.</td>
</tr>
<tr>
<td>☐ A6109</td><td>Labor Commissioner Appeals</td>
<td>10.</td>
</tr>
<tr>
<td rowspan="4">Breach of Contract/<br>Warranty<br>(06)<br>(not insurance)</td>
<td>☐ A6004</td><td>Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)</td>
<td>2., 5.</td>
</tr>
<tr>
<td>☐ A6008</td><td>Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)</td>
<td>2., 5.</td>
</tr>
<tr>
<td>☐ A6019</td><td>Negligent Breach of Contract/Warranty (no fraud)</td>
<td>1., 2., 5.</td>
</tr>
<tr>
<td>☐ A6028</td><td>Other Breach of Contract/Warranty (not fraud or negligence)</td>
<td>1., 2., 5.</td>
</tr>
<tr>
<td rowspan="2">Collections<br>(09)</td>
<td>☐ A6002</td><td>Collections Case-Seller Plaintiff</td>
<td>2., 5., 6.</td>
</tr>
<tr>
<td>☐ A6012</td><td>Other Promissory Note/Collections Case</td>
<td>2., 5.</td>
</tr>
<tr>
<td>Insurance Coverage<br>(18)</td>
<td>☐ A6015</td><td>Insurance Coverage (not complex)</td>
<td>1., 2., 5., 8.</td>
</tr>
<tr>
<td rowspan="3">Other Contract<br>(37)</td>
<td>☐ A6009</td><td>Contractual Fraud</td>
<td>1., 2., 3., 5.</td>
</tr>
<tr>
<td>☐ A6031</td><td>Tortious Interference</td>
<td>1., 2., 3., 5.</td>
</tr>
<tr>
<td>☐ A6027</td><td>Other Contract Dispute(not breach/insurance/fraud/negligence)</td>
<td>1., 2., 3., 8.</td>
</tr>
<tr>
<td>Eminent<br>Domain/Inverse<br>Condemnation (14)</td>
<td>☐ A7300</td><td>Eminent Domain/Condemnation    Number of parcels_____</td>
<td>2.</td>
</tr>
<tr>
<td>Wrongful Eviction<br>(33)</td>
<td>☐ A6023</td><td>Wrongful Eviction Case</td>
<td>2., 6.</td>
</tr>
<tr>
<td rowspan="3">Other Real Property<br>(26)</td>
<td>☐ A6018</td><td>Mortgage Foreclosure</td>
<td>2., 6.</td>
</tr>
<tr>
<td>☐ A6032</td><td>Quiet Title</td>
<td>2., 6.</td>
</tr>
<tr>
<td>☐ A6060</td><td>Other Real Property (not eminent domain, landlord/tenant, foreclosure)</td>
<td>2., 6.</td>
</tr>
<tr>
<td>Unlawful Detainer-<br>Commercial (31)</td>
<td>☐ A6021</td><td>Unlawful Detainer-Commercial (not drugs or wrongful eviction)</td>
<td>2., 6.</td>
</tr>
<tr>
<td>Unlawful Detainer-<br>Residential (32)</td>
<td>☐ A6020</td><td>Unlawful Detainer-Residential (not drugs or wrongful eviction)</td>
<td>2., 6.</td>
</tr>
<tr>
<td>Unlawful Detainer-<br>Drugs (38)</td>
<td>☐ A6022</td><td>Unlawful Detainer-Drugs</td>
<td>2., 6.</td>
</tr>
<tr>
<td>Asset Forfeiture (05)</td>
<td>☐ A6108</td><td>Asset Forfeiture Case</td>
<td>2., 6.</td>
</tr>
<tr>
<td>Petition re Arbitration<br>(11)</td>
<td>☐ A6115</td><td>Petition to Compel/Confirm/Vacate Arbitration</td>
<td>2., 5.</td>
</tr>
</table>

Side labels (vertical): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Vondersaar vs. Starbucks Corporation | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Vondersaar vs. Starbucks Corporation | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>May 10, 2012</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

| **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO<br>PROPERLY COMMENCE YOUR NEW COURT CASE:** |
|---|

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE:**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA  92612.**

On June 8, 2012, I served **DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)** on the interested parties, addressed as follows:

Miguel A. Custodio, Jr., Esq.          Attorneys for Plaintiff
Vineer Dubey, Esq.                     TIMOTHY VONDERSAAR
Law Offices of Miguel A. Custodio, Jr.
3055 Wilshire Blvd., Suite 480
Los Angeles, CA 90010
Tel:  213.785.2909
Fax:  213.785.2899
Emails: custodio@custodiolaw.com
            dubey@custodiolaw.com

James Kawahito, Esq.
Shawn C. Westrick, Esq.
Kawahito Shraga & Westrick LLP
1990 S. Bundy Drive, Suite 280
Los Angeles, CA 90025
Tel:  310.746.5300
Fax:  310.593.2520
Emails:  jkawahito@kswlawyers.com
            swestrick@kswlayers.com

☒   **[BY MAIL]**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☒   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 8, 2012, at Irvine, California.

_____
Lori Waters, CCLS

OC 286,926,610v1 6-6-12