Miguel A. Custodio, Jr. (SBN 248774)
custodio@custodiolaw.com
Vineet Dubey (SBN 243208)
dubey@custodiolaw.com
LAW OFFICES OF MIGUEL A. CUSTODIO, JR.
3055 Wilshire Blvd., Suite 480
Los Angeles, California 90010
Telephone:  (213) 785-2909
Facsimile:  (213) 785-2899

James Kawahito (SBN 234851)
Email: jkawahito@kswlawyers.com
Shawn C. Westrick (SBN 235313)
Email: swestrick@kswlawyers.com
KAWAHITO SHRAGA & WESTRICK LLP
1990 South Bundy Drive Ste. 280
Los Angeles, California 90025
Telephone: (310) 746-5300
Facsimile: (310) 593-2520

Attorneys for Plaintiff Timothy Vondersaar and Class Members

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY VONDERSAAR, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION, a Washington corporation, and DOES 1-10,<br><br>Defendants. | Case Number:  CV 12-05027 DDP (FMOx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR RELIEF FROM LOCAL RULE 23-3**<br><br>[Filed concurrently with the *Ex Parte* Application; the Declaration of Vineet Dubey; and [Proposed] Order] |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................ 2

III.   LEGAL ARGUMENT ................................................................................... 3

     A.     RULE 23 CERTIFICATION ORDERS GENERALLY REQUIRE EVIDENCE OBTAINED ONLY THROUGH DISCOVERY ........................................................ 3

     B.     PLAINTIFF REQUIRES EVIDENCE SOLELY WITHIN DEFENDANT'S POSSESSION ........................................................................ 5

     C.     DEFENDANT WILL NOT SUFFER ANY PREJUDICE IF THE COURT GRANTS PLAINTIFF'S REQUEST FOR RELIEF FROM LOCAL RULE 23-3 REQUIREMENTS, BUT THE CLASS MEMBERS WILL SUFFER PREJUDICE IF THE CLAS ALLEGATIONS ARE STRICKEN ........................................................ 6

IV.   CONCLUSION ........................................................................................... 7

1

# TABLE OF AUTHORITIES

2

**Federal Cases**

3

Blackie vs. Barrack,

4

    524 F.2d 891 (9th Cir. 1975)...........................................................................4

5

Doniger v. Pacific Northwest Bell, Inc.,

6

    564 F.2d 1304 (9th Cir. 1977)........................................................................4

7

Kamm et al. vs. California City Development Company et al.,

8

    509 F.2d 205 (9th Cir. 1975).......................................................................4, 6

9

Wal-Mart Stores, Inc. v. Dukes,

10

    131 S. Ct. 2541 (2011) .................................................................................4

11

Yaffe v. Powers,

12

    454 F.2d 1362 (1st Cir. 1972) ......................................................................4

13

**Federal Statutes**

14

Americans With Disabilities Act, 42 U.S.C. § 12181 .........................................1

15

Unruh Civil Rights Act, Cal. Civ. Code § 51 ....................................................1

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Timothy Vondersaar (hereinafter "Plaintiff") hereby applies to the Court *ex parte* for an order relieving him of Local Rule ("L.R.") 23-3, which imposes a 90-day time limit for filing a motion for class certification under Federal Rules of Civil Procedure ("Rule") 23.

## I.   INTRODUCTION

Pursuant to L.R. 23-3, Plaintiff's deadline to file his Motion for Class Certification would be September 10, 2012.  Unlike other motions that could be brought prior to conducting discovery (e.g., a motion to dismiss), a motion for class certification requires substantial evidence outside the pleadings.  This case is no exception, as it alleges violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA") and the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq*. ("Unruh Act"), which are certified only after substantial discovery.

As part of its claims in this case, Plaintiff alleges that Starbucks Corporation ("Starbucks" or "Defendant") has a centralized design committee that oversees and approves the layouts and designs for each of its stores, including the pick-up/service counters.  Moreover, Plaintiff identified close to 50 stores in its Complaint in the Los Angeles County area alone that have pick-up/service counters that are far higher than those permitted under the ADA.  Plaintiff believes that is only a fraction of the stores in California that have counters that violate the ADA.  The use of such non-compliant counters, where employees place extremely hot beverages, not only prevent disabled individuals from equal access, but also pose safety risks for disabled members of the public who strain to reach those beverages.

Prior to class certification, Plaintiff seeks to conduct extensive discovery regarding, *inter alia*, (1) Starbucks stores in California that had or have non-compliant counters during the relevant class period; (2) issues related to the design and approval of layouts for Starbucks stores, including but not limited to centralized approval of design decisions and common architectural/design plans; (3) any common policies, or

- 1 -

1  lack thereof, to ensure that Starbucks stores comply with ADA regulations; (4) any
2  purported differences among stores that Starbucks asserts affect the ability of Plaintiff
3  to proceed as a class in this matter; (5) the ownership models of Starbucks stores to
4  determine whether any further defendants need to be added or subclasses created; and
5  (6) any alterations made to the pick-up/service counters of Starbucks stores during the
6  class period.  While this is not an exhaustive list of items that Plaintiff will seek
7  through class discovery, Plaintiff believes that many of these items will be relevant to
8  this Court's determination of whether class certification is appropriate.

9       The necessary discovery needed to obtain this information is substantial and
10 time-consuming.  Indeed, at the Rule 26 conference between the parties, Starbucks
11 indicated that it would not even agree to provide the most basic information,
12 including the location of stores in California that had pick-up service counters above
13 36 inches at any point during the class period.  As Plaintiff seeks to certify a class of
14 disabled customers who patronized all Starbucks stores with non-complaint pick-
15 up/service counters in the state of California, this is basic information necessary to
16 allow Plaintiff to present his case for certification.  Most importantly, all this
17 information is uniquely within the possession of Starbucks.

18      Due to the Plaintiff's need to conduct substantial discovery before filing his
19 Motion for Class Certification, Plaintiff respectfully requests that the Court waive
20 Local Rule 23-3 and reset Plaintiff's deadline to file his intended motion for class
21 certification at the Scheduling Conference on August 27, 2012

22      Upon meeting and conferring, Defendant's counsel would not agree to stipulate
23 to waive the deadline under L.R. 23-3.   (Declaration of Vineet Dubey ["Dubey
24 Decl.,"] ¶9).

25 //

26 **II.   STATEMENT OF FACTS**

27      On May 10, 2012, Plaintiff, individually, and on behalf of other members of the
28 general public similarly situated commenced an action against Defendant in the

- 2 -

1  Superior Court of the State of California for the County of Los Angeles, Case Number
2  BC484410.  (Dubey Decl., ¶2).

3      On June 12, 2012, Defendant filed a Notice of Removal of the Plaintiff's
4  Complaint under 28 U.S.C. § 1441(a). (Dubey Decl., ¶3).  On June 13, 2012, via
5  email Plaintiff requested that Defendant's counsel stipulate to waive L.R. 23-3's class
6  certification filing deadline. (Dubey Decl., ¶5, Ex. A).  After receiving no response
7  Plaintiff requested again via email that Defendant's counsel stipulate to waive L.R.
8  23-3's class certification filing deadline on June 26, 2012.  (Dubey Decl., ¶6, Ex. B).
9  Defense counsel responded via email on June 28, 2012, and in a series of emails
10  through July 12, 2012, both counsels attempted to meet and confer and resolve the
11  issue, but were not able to do so.  (Dubey Decl., ¶7).

12      In a further effort to meet and confer, on July 13, 2012, Plaintiff's counsel
13  engaged in a phone conference with Defense counsel. (Dubey Decl., ¶8).  During the
14  call, Defense counsel refused to stipulate to waive L.R. 23-3's class certification
15  deadline.  (Dubey Decl., ¶9).  Therefore, Plaintiff's counsel notified Defense counsel
16  that Plaintiff would proceed to apply to the Court on an *ex parte* basis in order to
17  request relief from L.R. 23-3.   (Dubey Decl., ¶10).

18      Because Defendant filed its Notice of Removal of the Plaintiff's complaint on
19  June 12, 2012, the Plaintiff's deadline under L.R. 23-3 to file his Motion for Class
20  Certification is September 10, 2012.  (Dubey Decl., ¶4).

21      The parties have not yet conducted their Rule 26 conference.  Currently, they
22  intend to conduct the conference on July 26, 2012.  (Dubey Decl., ¶11).  As such, the
23  parties have been unable to engage in discovery pursuant to the relevant rules.
24  //
25  //
26  **III.**   **LEGAL ARGUMENT**
27      **A.**    **RULE 23 CERTIFICATION ORDERS GENERALLY REQUIRE**
28           **EVIDENCE OBTAINED ONLY THROUGH DISCOVERY**

- 3 -

1    As set forth in the recent Supreme Court decision <u>Wal-Mart Stores, Inc. v.</u>

2  <u>Dukes</u>, 131 S. Ct. 2541, 2551-52 (2011), the trial court is required to perform a

3  "rigorous analysis" in determining whether class certification is appropriate. Under

4  many circumstances, this analysis "will entail some overlap with the merits of the

5  plaintiff's underlying claims." *Id.* at 2552. Courts are "bound to take the substantive

6  allegations of the complaint as true, "but the record must have "sufficient material" to

7  establish each of Rule 23's requirements. <u>Blackie vs. Barrack</u>, 524 F.2d 891, 901 fn.

8  17 (9th Cir. 1975); <u>Doniger v. Pacific Northwest Bell, Inc.</u>, 564 F.2d 1304, 1309 (9th

9  Cir. 1977) (moving party must provide "basic facts" to satisfy Rule 23's

10  requirements).

11    Since "[m]ere repetition of the language of the Rule is inadequate"

12  (<u>Doniger</u>,565 F.2d at 1309 [internal citations omitted]), discovery is necessary to

13  determine whether a matter should proceed as a class action. <u>See</u> <u>Kamm et al. vs.</u>

14  <u>California City Development Company et al.</u>, 509 F.2d 205, 210 (9th Cir. 1975)

15  ("The propriety of a class action cannot be determined in some cases without

16  discovery, as, for example, where discovery is necessary to determine the existence of

17  a class or set of subclasses."); <u>Yaffe v. Powers</u>, 454 F.2d 1362, 1366 (1st Cir. 1972)

18  ("To pronounce finally, prior to allowing any discovery, the non-existence of a class

19  or set of subclasses, when their existence may depend on information wholly within

20  defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23.").

21  Indeed, it would be contrary to the guidance in <u>Dukes</u> if this Court were to require

22  Plaintiff to present evidence sufficient to withstand a "rigorous analysis," yet deny it

23  the ability to conduct discovery to obtain such evidence.

24    Here, Plaintiff is seeking to represent a class of all members of the public who

25  are confined to a wheelchair or electric scooter who were denied equal access to

26  Starbucks stores as a result of Starbuck's use of pick-up/service counters that do not

27  comply with ADA regulations. In its Complaint alone, Plaintiff identified roughly 50

28  such stores in Los Angeles County alone, and believe that due to Starbucks' strictly

controlled centralized planning of store designs, many more stores have or had non-compliant pick-up/service counters during the class period in the State of California. Prior to class certification, among other issues, Plaintiff should be allowed to conduct class discovery to ascertain the scope and context of Starbucks' violations of the ADA.  This discovery will include, but is not limited to:  (1) the Starbucks stores in California that had or have non-compliant counters during the relevant class period; (2) issues related to the design and approval of layouts for Starbucks stores, including but not limited to centralized approval of design decisions and common architectural/design plans; (3) any common policies, or lack thereof, to ensure that Starbucks stores comply with ADA regulations; (4) any purported differences among stores that Starbucks asserts affect the ability of Plaintiff to proceed as a class in this matter; (5) the ownership models of Starbucks stores to determine whether any further defendants need to be added or subclasses created; and (6) any alterations made to the pick-up/service counters of Starbucks stores during the class period.

Moreover, Plaintiff's discovery will investigate the role that Starbucks' centralized design committee played in approving or rejecting designs/architectural plans that violated the ADA.  Finally, Plaintiff is entitled to conduct discovery to ascertain any defenses or other grounds that Defendant contends precludes certification in this action.

In short, in order to certify this action under Rule 23, Plaintiff requires evidence that must be obtained from the Defendant through discovery.

## B.    PLAINTIFF REQUIRES EVIDENCE SOLELY WITHIN DEFENDANT'S POSSESSION

"In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for determination."  Kamm, supra, at 210.  The parties have not yet had their early meeting of counsel in advance of the scheduling conference, and the Defendant has refused to engage in a mutual exchange of information.  In fact, during the meet and

- 5 -

1 | confer process regarding this *ex parte* application, Starbucks requested that Plaintiff
2 | provide a significant amount of information, which it did.  (Dubey Decl., ¶12, Ex. C).
3 | However, when Plaintiff requested that Starbucks informally provide information
4 | relevant to the claims and defenses in this case, surprisingly Starbucks refused.
5 | (Dubey Decl., ¶13, Ex. C).

6 |      The evidence that Plaintiff seeks for class certification is solely in the
7 | possession of Starbucks.  Moreover, to the extent that this Court does not relieve the
8 | parties of the 90 day deadline to file the motion for class certification, Plaintiff will
9 | not have an opportunity to obtain evidence that Starbucks may use in opposition to
10 | class certification, as well as evidence that might debunk its theories as to why class
11 | treatment is inappropriate.

12 |      As set forth above, the parties have no yet held their Rule 26 conference.  As
13 | such, there has been no discovery.  Plaintiff intends to discuss a discovery schedule
14 | with Starbucks during the conference of counsel.  However, during the meet and
15 | confer process with respect to this motion, Starbucks indicated that it would oppose
16 | producing what Plaintiff believes is the most basic information relevant to class
17 | certification such as the location of all Starbucks stores in California that had non-
18 | compliant pick-up/service counters in California during the class period.

19 |      Plaintiff requests that the Court set all relevant deadlines including discovery
20 | cut-off and the deadline to file Plaintiff's class certification brief at the Rule 26
21 | scheduling conference.

22 |      **C.    DEFENDANT WILL NOT SUFFER ANY PREJUDICE IF THE**
23 | **COURT GRANTS PLAINTIFF'S REQUEST FOR RELIEF FROM**
24 | **LOCAL RULE 23-3 REQUIREMENTS, BUT THE CLASS**
25 | **MEMBERS WILL SUFFER PREJUDICE IF THE CLAS**
26 | **ALLEGATIONS ARE STRICKEN**

27 |      Defendant will not suffer any prejudice if the Court grants Plaintiff's
28 | Application for Relief from the requirements of Local Rule 23-3.  In fact, the only

- 6 -

1  detriment Defendant will suffer is the tactical advantage of requiring Plaintiff to file

2  his Motion for Class Certification while withholding the necessary discovery to

3  support it.  On the other hand, the prospective class members will lose the benefits

4  inured to them by the anonymity of class litigation by a willing class representative,

5  especially if the Court imposes the draconian sanctions of striking the class

6  allegations in the event that the motion for certification is not filed by September 10,

7  2012.  Finally, waiving L.R. 23-3 would result in judicial efficiency, this Court would

8  rule on the Motion for Class Certification once, after presentation of all evidence by

9  both parties, instead of considering successive motions brought by the Plaintiff, once

10  before discovery, and once after, which is likely to result if Plaintiff was forced to file

11  his motion now, only to have it denied for lack of evidence, and then re-filed at a later

12  time.

13  **IV.   CONCLUSION**

14        For the foregoing reasons, Plaintiff respectfully requests that the Court issue an

15  Order relieving Plaintiff of the requirements of Local Rule 23-3 and setting a

16  reasonable time for the filing of Plaintiff's Motion for Class Certification at the

17  Scheduling Conference.

18

19

20  Dated:  July 24, 2012                    Respectfully Submitted,

21

22                                          By: /s/ Vineet Dubey
                                            Vineet Dubey, Esq.
23                                          LAW OFFICES OF MIGUEL A.
                                                 CUSTODIO, JR.
24                                          Attorneys for Plaintiff/Class Members

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES