# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TIMOTHY VONDERSAAR, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STARBUCKS CORPORATION, a Washington corporation, and DOES 1-10.,<br><br>Defendants. | Case No. CV12- 5027 DDP (AJWx)<br><br>**PROTECTIVE ORDER**<br><br>Action Filed:   May 10, 2012<br>Trial Date:      None Set<br>Judge:           Hon. Dean D. Pregerson |

Pursuant to the stipulation of the parties, it is hereby ordered that the following provisions shall apply to all discovery in this litigation, to govern the use and dissemination of information, documents, and other tangible items designated as CONFIDENTIAL INFORMATION as set forth below:

1. <u>Designation of Confidential Information</u>. This Protective Order applies to all discovery in this action whether directed to the Parties or third parties. Confidential information is information, documents or other material that concerns or relates to personal, private, confidential, commercially sensitive, and/or proprietary information of the Parties which the Parties would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, non-publically available financial data, contracts and agreements, current and future business plans, marketing, research, development or commercial information, projections, analyses or studies, costs, pricing, or purchasing information, training and operation policies and procedures, and other non-public, confidential information ("CONFIDENTIAL INFORMATION"). A party may designate information as CONFIDENTIAL INFORMATION by placing a stamp or notice stating "CONFIDENTIAL" prior to production. The designation shall be placed on the first page of each document which is bound, stapled or otherwise affixed by a permanent or semi-permanent means of attachment, and on each page of any document not so affixed. If information is produced in electronic format, such information may be designated as CONFIDENTIAL INFORMATION by placing a stamp or notice on the storage medium. With respect to documents produced by third parties, designation may be made within 30 days after receipt by counsel. With respect to documents made available for inspection and copying, designation need not be made until after inspection and selection by counsel. Any such designated documents shall be stamped "CONFIDENTIAL" by the copying service selected by the inspecting party. Information disclosed at a deposition (including without limitation, questions, answers and exhibits) may be designated as CONFIDENTIAL INFORMATION by a statement on the record, or in writing within 30 days after

completion of the original transcript of the deposition.  The entire deposition transcript may not be labeled as CONFIDENTIAL INFORMATION, rather, only specific pages and/or lines that contain CONFIDENTIAL INFORMATION.  Any documents produced in this action before entry of this Order may be designated in writing as CONFIDENTIAL INFORMATION within 30 days after entry of this Order.

     2.    <u>Subsequent Designation</u>.  Information or documents inadvertently disclosed without being designated as CONFIDENTIAL INFORMATOIN may be subsequently designated as such with written notice of that designation and a replacement copy, marked in accordance with this Protective Order.  There will be no breach of this Protective Order for any disclosure made prior to receipt of such notice that would otherwise have been authorized by this Protective Order but for the subsequent designation.  Those individuals who reviewed the re-designated material before the notice of the re-designation shall abide by the provisions of this Protective Order with respect to all future use and disclosure of any information contained in the re-designated materials.

     3.    <u>Challenging Designation</u>.  A Party may challenge the designation of any document as "Confidential Information" under this Protective Order by notifying the designating Party in writing of said challenge, including the identity of each document to which the challenge is directed and the specific factual and legal bases supporting the challenge. Within ten (10) days of receipt of such challenge, the Parties shall meet-and-confer in good faith in a recorded telephone call in an effort to resolve the matter informally.  If the Parties are unable to resolve their dispute, the designating party must file a motion to determine the propriety of the challenged designation.  Said motion must be *filed* within fourteen (14) days of the non-designating party informing the designating party that the meet and confer has failed and comply with the filing requirements of the Central District of California.  Until the Court rules on the challenge, all parties shall continue to treat the material as confidential.  The designating party shall bear the burden of demonstrating that confidential treatment is warranted.

4. <u>Permissible Disclosures</u>.  Material designated as CONFIDENTIAL INFORMATION shall be used only for the prosecution and/or defense of this litigation and for no other purpose, and may not be disclosed to any person other than:

    A. The Court and its personnel;

    B. Any mediator or settlement officer that may be retained by the Parties;

    C. The Parties, their attorneys of record, and their employees who have a need to know such information;

    D. Consultants or experts retained by any party for purposes of assisting in the preparation, investigation or presentation of claims or defenses in this litigation;

    E. Copy, data, hosting, court reporters and other providers of litigation services retained by the Parties for the purposes of this litigation;

    F. A deposition or trial witness in this litigation that may be examined and may testify concerning CONFIDENTIAL INFORMATION.

Prior to being shown CONFIDENTIAL INFORMATION, any person falling within paragraph 4(B), (D), and (E) shall agree in writing to be bound by the terms of this Protective Order by signing an "Agreement to be Bound by Protective Order" attached as Exhibit A hereto.  The original, executed Agreement to be Bound by Protective Order signed by persons receiving CONFIDENTIAL INFORMATION shall be maintained by counsel who obtained the agreement and shall be produced to the designating party at his written request.

Notwithstanding any restrictions in this Protective Order regarding the use or disclosure of materials designated as CONFIDENTIAL INFORMATION, nothing contained herein shall prevent any party from disclosing its own CONFIDENTIAL INFORMATION as deemed appropriate.

///

///

///

5. <u>Protection from Disclosure</u>.  Anyone in possession of CONFIDENTIAL INFORMATION shall take reasonable measures to bar access to the designated information by anyone not allowed access pursuant to the terms of this Protective Order.  If anyone subject to this Protective Order receives a subpoena or other process to produce CONFIDENTIAL INFORMATION, then the recipient shall promptly give notice of the same to the designating party's counsel.  The recipient may not produce any CONFIDENTIAL INFORMATION prior to the date specified for production and shall seek a reasonable extension of time, if necessary, to afford the designating party an opportunity to object to the process and seek protection from the Court.

6. <u>Filing and Use in Court of Designated Confidential Documents</u>.  If any party wishes to use any CONFIDENTIAL INFORMATION with any papers filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5 to file the CONFIDENTIAL INFORMATION under seal.  Parties and counsel may not paraphrase or quote from designated CONFIDENTIAL INFORMATION in any papers filed with the Court unless such party or counsel complies with Local Rule 79-5 to file such papers under seal.

7. <u>Non-Termination</u>.  The provisions of this Protective Order shall not terminate at the conclusion of this action and the obligation to comply shall continue indefinitely thereafter.  Within 60 days following the conclusion of this litigation (defined as the end of this matter by trial, motion or settlement and, if concluded by motion or trial, the exhaustion of available appeals or the running of time for taking such appeals, as provided by applicable law), anyone subject to this Protective Order shall return CONFIDENTIAL INFORMATION to the designating party.

**IT IS SO ORDERED**.

DATED:  _3/14/2013_____

/s/ Andrew J. Wistrich
_____
HONORABLE ANDREW J. WISTRICH
United States Magistrate Judge

# **ATTACHMENT A**

I, _____, have been advised by counsel of record for plaintiff or defendant (circle one) in the matter of *Vondersaar v. Starbucks Corporation*, United States District Court, Central District of California, Western Division, Case No. CV12- 5027 DDP (AJWx), of the Protective Order governing delivery, exhibition, publication or disclosure to me of confidential documents and information produced in this litigation, together with the information contained therein.  I have read a copy of said Protective Order and agree to abide by its terms, including its limitation on any further delivery, exhibition, publication or disclosure of documents and information subject to the order.

DATED:

_____
[Printed Name]

_____
[Signature]