O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY VONDERSAAR, individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) | Case No. CV 12-05027 DDP (FMOx) |
| | ) ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND DENYING IN SUBSTANTIAL PART** |
| Plaintiff, | ) ) | |
| v. | ) ) | [Dkt. No. 81] |
| STARBUCKS CORPORATION, a Washington corporation, | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

Presently before the court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. Having considered the submissions of the parties and heard oral argument, the court is denies the motion in substantial part, grants the motion in part, and adopts the following order.

**I.   Background**

Plaintiffs Timothy Vondersaar, Orlandis Hardy, Jr., Jaarome Wilson, and Bernard Taruc (collectively, "Plaintiffs") are quadriplegics, and require wheelchairs for mobility. (First

1  Amended Complaint ("FAC") ¶¶ 41, 43, 45, 47.)  Defendant owns or

2  operates over 1,000 coffee shops in California.  (FAC ¶ 35.)

3  Plaintiffs allege, on behalf of a putative class of wheelchair and

4  electric scooter users, that an unspecified number of Defendant's

5  stores feature pick-up counters that are too high for Plaintiffs to

6  reach, in violation of the Americans with Disabilities Act, 42

7  U.S.C. § 12181 et seq., and Calfornia's Unruh Civil Rights Act,

8  Cal. Civ. Code § 51 et seq.  (FAC ¶¶ 5, 64, 71).

9       Plaintiffs further allege that, prior to 2005, Defendant used

10  standard design plans that included impermissibly high pick up

11  counters.  (FAC ¶ 5).  After 2005, the FAC alleges, Defendant

12  agreed to install ADA-compliant counters in all new construction,

13  but chose not to lower pre-existing noncompliant counters.  (FAC ¶

14  8.)  As a result, "hundreds" of Defendant's stores still allegedly

15  use unlawfully high counters.  (FAC ¶ 9.)  Plaintiffs identify

16  eighteen Southern California Starbucks locations at which they

17  personally encountered noncompliant counters.  (FAC ¶¶ 42, 44, 46,

18  48-49.)  Plaintiffs identify fifty other Southern California stores

19  that plaintiffs believe to contain high counters, though Plaintiffs

20  have not themselves visited those stores.  (FAC ¶ 51.)  Defendant

21  now moves to dismiss all claims related to stores Plaintiffs have

22  not personally visited.

23  **II.  Legal Standard**

24       A complaint will survive a motion to dismiss when it contains

25  "sufficient factual matter, accepted as true, to state a claim to

26  relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

27  662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

28  570 (2007)).  When considering a Rule 12(b)(6) motion, a court must

"accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

**III. Discussion**

    A.  Standing to Assert Class Claims

    As stated in this court's earlier order granting Defendant's first motion to dismiss, to establish standing, an ADA plaintiff seeking injunctive relief must show that he has suffered an injury in fact, that the injury is traceable to the defendant's actions, that the injury can be redressed by a favorable decision, and that there is a real threat of repeated future injury. Chapman v. Pier 1 Imports, 631 F.3d 939, 946 (9th Cir. 2011). "[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation," or, alternatively, "when discriminatory architectural barriers deter him from returning." Id. at 950.  Defendant argues that Plaintiffs lack standing to assert claims regarding stores they have not visited because they have not alleged a threat of future injury at those stores. (Mot. at 4.)

    As pointed out in this court's earlier order, courts in this circuit have held that a Plaintiff bringing class claims based upon a common discriminatory policy or practice need not personally encounter all of the challenged barriers to access. Castaneda v. Burger King Corp., 597 F.Supp.2d 1035, 1041-45 (N.D. Cal. 2009); Arnold v. United Artists Theater Circuit, Inc., 158 F.R.D. 439, 448-49 (N.D. Cal. 1994); Celano v. Marriott Int'l, Inc., No. C 05-4004 PJH, 2008 WL 239306 at *7 (N.D. Cal. Jan. 28, 2008).  As the Castaneda court reasoned, when a complaint alleges discrimination

3

1  arising from a single, common policy, "the specific injury under

2  the ADA is not a specific barrier at a specific site but instead

3  the discriminatory policy or design or decision." <u>Castaneda</u>, 597

4  F. Supp. 2d at 1043.  Thus, "ADA standing is not necessarily site

5  specific," and a purported class representative's standing is not

6  limited to locations actually visited.  <u>Id.</u> at 1041, 1045; <u>Park v.</u>

7  <u>Ralph's Grocery Co.</u>, 254 F.R.D. 112, 119 (C.D. Cal. 2008).

8      Defendant fails to address, let alone distinguish, <u>Castaneda</u>

9  or its reasoning.  The out of circuit authorities Defendants do

10 cite are not persuasive.  In <u>Clark v. Burger King Corp.</u>, the court

11 dismissed allegations regarding locations an ADA plaintiff had not

12 yet visited because the plaintiff did not allege any common

13 construction plan or accessibility policy.  <u>Clark v. Burger King</u>

14 <u>Corp.</u> 255 F. Supp. 2d 334, 343 (D. N.J. 2003).  The court

15 acknowledged, however, that "[i]f, on the other hand, there existed

16 an allegation that all Burger King restaurants are similar, in that

17 they possess commonality of architecture, or that they implement a

18 corporate policy violative of the ADA, Clark may have standing as

19 to restaurants he has yet to visit."[1]  <u>Id.</u>, n.11.  Similarly, none

20

21     [1] The <u>Clark</u> court further stated, "Moreover, <u>Clark</u> fails to
   demonstrate an intent to return to, or a likelihood of future
22 injury at, locations he has yet to visit, and thus, does not
   satisfy the injury in fact requirement to establish standing with
23 respect to these restaurants.  <u>Clark</u>, 255 F. Supp. 2d at 343.
   Because the <u>Clark</u> court's "moreover" statement regarding intent
24 immediately follows its footnote regarding adequacy of standing in
   common architecture scenarios, it is unclear to this court whether,
25 as Defendant posits, the <u>Clark</u> court determined that intent to
   visit future stores is required even in class cases alleging a
26 common violative policy.  Even if the <u>Clark</u> court did so suggest,
   however, that conclusion would rest upon the court's earlier
27 conclusion that ADA barrier actions are site specific.  <u>Id.</u>, n. 10.
   As discussed above, this court, in accordance with courts in this
28 circuit, concludes otherwise.  For those same reasons, the court
                                              (continued...)

4

1  of the plaintiffs in <u>Small v. General Nutrition Companies, Inc.</u>,

2  388 F. Supp. 2d 83 (E.D. N.Y. 2005) or <u>Gutherman v. 7-Eleven, Inc.</u>,

3  278 F. Supp. 2d 1374 (S.D. Fla. 2003) alleged any common policy or

4  construction plan.[2]

5      For that same reason, the Seventh Circuit's holding in <u>Scherr</u>

6  <u>v. Marriot Int'l, Inc.</u>, 703 F.3d 1069 (7th Cir. 2011) is not

7  applicable.[3]  The court held that knowledge of ADA violations at

8  over fifty hotel locations was itself insufficient to confer

9  standing regarding those hotels in the absence of an alleged intent

10  to visit those hotels.  (<u>Id.</u> at 1075.)  Contrary to Defendant's

11  characterization, however, the Plaintiff in <u>Scherr</u> did not allege a

12  "common design or policy," (Reply at 5), but only a "common

13  architectural defect."  <u>Scherr v. Marriot Int'l, Inc.</u>, 833 F. Supp.

14  2d 945, 956 (N.D. Ill. 2011); See also <u>Equal Rights Center v.</u>

15  <u>Hilton Hotels Corp.</u>, No. 7-1528 (JR), 2009 WL 6067336 at *7 (D.

16  D.C. Mar. 25, 2009) ("[Plaintiffs] do not allege any facts . . .

17  that support their claim that Hilton has adopted a policy of non-

18  compliance with the ADA. . . .  The mere existence of accessibility

19  barriers at some significant percentage of Hilton hotels might

20  provide a sufficient factual basis for claims of a corporate policy

21

22

---

23      [1](...continued)
24  respectfully disagree with the Seventh Circuit's holding in in
    <u>Scherr v. Marriot Int'l, Inc.</u>, 703 F.3d 1069 (7th Cir. 2011),
25  discussed <u>infra</u>.

26      [2] Indeed, the <u>Gutherman</u> plaintiffs failed to allege any
    specific disability or particular injury, and therefore did not
27  establish even individual standing.  <u>Gutherman</u>, 278 F. Supp. 2d at
    1379.

28      [3] Plaintiffs do not address <u>Scherr</u>.

1  of non-compliance, but, as before, the plaintiffs have not made

2  that allegation.").

3      B.  Common Policy Allegations

4      Defendant further argues that Plaintiffs have failed to

5  adequately allege a standard, common, noncompliant ADA policy.

6  (Reply at 7.)  The court agrees, in part.

7      The FAC alleges that "prior to 2005, Starbucks used standard,

8  common design modules/schemes in its stores that contained a . . .

9  hand-off/pick up counter far above the height permitted under the

10  Americans with Disabilities Act." (FAC ¶ 5.)  The FAC further

11  alleges that Starbucks' design committee "uniformly orchestrated

12  and approved the use of the common design modules/schemes

13  containing the high hand-off/pick up counters." (FAC ¶ 6.) Lastly,

14  Plaintiffs allege that Starbucks made a single policy decision in

15  2005 not to renovate stores and lower noncompliant counters. (FAC

16  ¶¶ 8, 10.)

17      While these allegations adequately identify a common violative

18  policy, that policy only applied to stores constructed before

19  2005.[4]  The FAC, however, brings claims pertaining to <u>all</u>

20  California Starbucks locations, regardless of construction date.

21  Plaintiffs' factual allegations are not broad enough to encompass

22  all of Starbucks stores.  Because Plaintiff has not alleged any

23  facts regarding stores constructed after 2005, all claims regarding

24  such stores must be dismissed.[5]

25      C.  State Law Standing

26  _____

27      [4] At oral argument, Plaintiffs' counsel indicated that
Starbucks changed its construction policy in 2003, not 2005.

28      [5] <u>See</u> n.4, <u>supra</u>.

6

1    Defendant's motion to dismiss makes no mention of Plaintiffs'
2 state law claim.  Nevertheless, Plaintiffs' opposition raises the
3 issue of standing with respect to their state law claim, apparently
4 for purposes of ensuring class discovery in the eventuality of an
5 adverse ruling regarding ADA standing.  Defendant's reply to this
6 contention is somewhat puzzling.  <u>Surrey v. Truebeginnings</u>, cited
7 by Defendant, stands for the unremarkable proposition that a
8 plaintiff only has standing under the Unruh Act if he is the victim
9 of a discriminatory act.  <u>Surrey v. Truebeginnings</u>, 168 Cal. App.
10 4th 414, 419 (2008).  To the extent Defendant argues that the
11 instant case is not appropriate for class treatment, that issue is
12 not presently before the court.  The court notes, however, that
13 courts regularly certify class actions under the Unruh Act.  <u>See</u>,
14 <u>e.g.</u> <u>Moeller v. Taco Bell Corp.</u>, 220 F.R.D. 604, 613 (N.D. Cal.
15 2004).
16    In any event, insofar as the parties raise this issue for
17 discovery-related purposes, the court having determined that
18 Plaintiffs do have standing to pursue class claims regarding stores
19 constructed before 2005, this issue appears to be moot.[6]
20
21
22
23
24 ///
25 ///
26 ///
27 _____
28    [6] <u>See</u> n.4, <u>supra</u>.

7

**III. Conclusion**

For the reasons stated above, Defendant's Motion is GRANTED in part and DENIED in part.  All claims related to stores constructed after 2005 are DISMISSED.[7]  In all other respects, Defendant's Motion to Dismiss is DENIED.


IT IS SO ORDERED.



Dated: August 26, 2013

DEAN D. PREGERSON
United States District Judge

---

[7] See n.4, supra.

8