O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY VONDERSAAR, individually and on behalf of other members of the general public similarly situated, | ) ) ) ) ) ) | Case No. CV 12-05027 DDP (FMOx) |
| | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| STARBUCKS CORPORATION, a Washington corporation, | ) ) ) | [Dkt. No. 107] |
| Defendant. | ) ) ) | |

    Presently before the court is Plaintiffs' Motion for Leave to Amend First Amended Complaint. Having considered the submissions of the parties and heard oral argument, the court grants the motion.

    As discussed in this court's earlier orders, Plaintiffs are quadriplegics who require wheelchairs for mobility. Plaintiffs' First Amended Complaint alleges, on behalf of a putative class, that an unspecified number of Defendant's many California stores feature pick-up counters that are too high for Plaintiffs to reach,

in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and Calfornia's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. Plaintiffs allege that these noncompliant counters result from a common design plan. Plaintiffs now seek leave to amend the First Amended Complaint to include an ADA claim for injunctive relief on behalf of a nationwide class rather than a California-only class.

Courts "should freely give" leave to amend whenever "justice so requires." Fed. R. Civ. P. 15(a)(2). Requests for leave to amend should be granted with "extreme liberality." Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009). Courts therefore only deny leave to amend upon a showing of bad faith, undue delay, futility, or undue prejudice to the opposing party. Chudacoff v. Univ. Med. Center of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).[1]

None of the Foman factors are present here. Defendant argues that Plaintiffs had sufficient information to make nationwide allegations long ago. Class discovery, however, began in earnest only recently. On August 26, 2013, this court heard oral argument on Defendant's Motion to Dismiss, which was premised on the argument that Plaintiffs lack standing to bring certain class claims in the first instance. This court denied that motion in substantial part that same day. (See Dkt. No. 97). Plaintiffs assert, and Defendant does not dispute, that Defendant refused to

---

[1] In the absence of an expired deadline by which to amend the pleadings, the court declines Defendant's invitation to apply the more stringent "good cause" standard of Federal Rule of Civil Procedure 16(b)(4). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

2

1  engage in class discovery prior to this court's August 26 Order.
2  While Defendant argues that Plaintiffs could have sent
3  investigators to all fifty states at any time, the existence of
4  noncompliant counters across the country would not necessarily have
5  supported an allegation of a common design or remediation plan.
6  Recently, however, on October 10, 2013, Defendant's construction
7  manager testified that Defendant did use common design plans and
8  limited remediation plans to California alone.  (Declaration of
9  Vineet Dubey ¶ 4.)  Plaintiffs sought to amend their complaint soon
10 after.  (Id. ¶ 6.)
11 Nor, contrary to Defendant's contention, would amendment
12 unduly prejudice Defendant.  Motion practice notwithstanding, this
13 case remains in its early stages, with neither discovery deadlines
14 nor trial dates yet set.  Furthermore, Plaintiffs seek only to
15 expand their claim for injunctive relief under the ADA, which is
16 equally applicable outside California as within.  The court is not
17 persuaded that any additional discovery necessitated by the
18 expansion of Plaintiff's ADA claim would be sufficiently burdensome
19 on Defendant as to warrant denial of leave to amend.  See, e.g.,
20 Abad v. Waste Connections, Inc., No. CV 12-06708 DDP, 2013 WL
21 1163982 at *2 (C.D. Cal. Mar. 20, 2013); Neighborhood Assistance
22 Corp. of Am. v. First One Lending Corp., No. SA CV 12-0463-DOC,
23 2013 WL 44567 at *2 (C.D. Cal. Jan. 3, 2013); Newton v. Am. Debt
24 Servs., No. C-11-3228 EMC, 2013 WL 5592620 at *14 (N.D. Cal. Oct.
25 10, 2013); Lillis v. Apria Healthcare, No. 12-CV-52-IEG, 2012 WL
26 4760908 at *1 (S.D. Cal. Oct. 5, 2012).
27
28

Accordingly, Plaintiffs' Motion for Leave to Amend First Amended Complaint is GRANTED. Any amended complaint shall be filed within ten days of the date of this Order.

IT IS SO ORDERED.

Dated: December 6, 2013

DEAN D. PREGERSON
United States District Judge