Name  Kawahito Westrick LLP

Address  10474 Santa Monica Blvd., Suite 405

City, State, Zip  Los Angeles, CA 90025

Phone  310-746-5300

Fax  310-593-2520

E-Mail  jkawahito@kswlawyers.com

☐ FPD    ☐ Appointed    ☐ CJA    ☐ Pro Per    ☒Retained

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Vondersaar, et al. <br><br> PLAINTIFF(S), <br><br> v. <br><br> Starbucks Corporation <br><br> DEFENDANT(S). | CASE NUMBER: <br><br> CV12-5027 DDP (AJWx) <br><br><br> **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____ Timothy Vondersaar, et al. _____ hereby appeals to
                                                    *Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:


☐ Bail status:

**Civil Matter**

☒ Order (specify):
    ECF No. 195 (2/12/2015)


☐ Judgment (specify):


☒ Other (specify):
    Order
    ECF No. 216 (9/21/2016)

Imposed or Filed on _____. Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.


10/19/2016 _____         /s/ James Kawahito _____
Date                                        Signature
                                            ☐ Appellant/ProSe    ☒ Counsel for Appellant    ☐ Deputy Clerk

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the
            attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number
            of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).


A-2 (01/07)                              NOTICE OF APPEAL

## Representation Statement

**Counsel for Plaintiffs-Appellants TIMOTHY VONDERSAAR, ORLANDIS HARDY, JR., JAAROME WILSON, BERNARD TARUC, individually, and on behalf of other members of the general public similarly situated:**

James K Kawahito, Esq.
**Kawahito Westrick LLP**
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
310-746-5300

Vineet Dubey, Esq.
**Custodio & Dubey LLP**
448 S. Hill St. Suite 612
Los Angeles, CA 90013
213-785-2909

**Counsel for Defendant-Appellees STARBUCKS CORPORATION, a Washington corporation:**

Michael J Chilleen, Esq.
Gregory F. Hurley, Esq.
**Sheppard Mullin Richter & Hampton LLP**
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
714-513-5100

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TIMOTHY VONDERSAAR, individually and on behalf of other members of the general public similarly situated,

           Plaintiff,

    v.

STARBUCKS CORPORATION, a Washington corporation,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 12-05027 DDP (AJWx)

**ORDER DENYING MOTION FOR CLASS CERTIFICATION**

[Dkt. Nos. 156, 167, 168]

Presently before the court is Plaintiffs' Motion for Class Certification. Having considered the submissions of the parties and heard oral argument, the court denies the motion and adopts the following order.

**I.   Background**

Plaintiffs Timothy Vondersaar, Orlandis Hardy, Jr., Jaarome Wilson, and Bernard Taruc (collectively, "Plaintiffs") are disabled, and use wheelchairs for mobility. (Second Amended Complaint ("SAC") ¶ 25.) Plaintiffs all live in either Los Angeles or San Bernardino counties. (SAC ¶ 24.) Defendant owns, operates, and

licenses coffee shops throughout California. (SAC ¶ 26.) Plaintiffs allege, on behalf of a putative class of wheelchair and electric scooter users, that an unspecified number of Defendant's stores feature pick-up counters that are too high for Plaintiffs to reach, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., and Calfornia's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. (SAC ¶¶ 5, 73, 80).

Plaintiffs further allege that, prior to 2003, Defendant used standard design plans that included impermissibly high pick-up counters at every store in California. (SAC ¶¶ 57, 60). Plaintiffs also allege that every store opened in the United States between 1993 and October 2003 contained an impermissibly high counter. (SAC ¶ 58.) Approximately 200 stores in California allegedly continue to utilize unlawfully high counters. (SAC ¶ 59.) Plaintiffs allege, on information and belief, that thousands more stores across the country still have high counters, and specifically identify fifty such stores in California, some of which Plaintiffs have personally visited. (SAC ¶ 56.) Plaintiffs now seek certification of a nationwide class comprised of all disabled wheelchair and scooter users who have been adversely affected by high handoff counters in Starbucks stores constructed between January 26, 1993 and 2005, as well as a similar California class under the Unruh Act.

## II. Legal Standard

The party seeking class certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. See Hanon v.

2

<u>Dataprods. Corp.</u>, 976 F.2d 497, 508-09 (9th Cir. 1992). Rule 23(a) sets forth four prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); <u>see also</u> <u>Hanon</u>, 976 F.2d at 508. These four requirements are often referred to as numerosity, commonality, typicality, and adequacy. <u>See</u> <u>General Tel. Co. v. Falcon</u>, 457 U.S. 147, 156 (1982). In determining the propriety of a class action, the question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156, 178 (1974). This court, therefore, considers the merits of the underlying claim to the extent that the merits overlap with the Rule 23(a) requirements, but will not conduct a "mini-trial" or determine at this stage whether Plaintiffs could actually prevail. <u>Ellis v. Costco Wholesale Corp.</u>, 657 F.3d 970, 981, 983 n.8 (9th Cir. 2011).

Rule 23(b) defines different types of classes. <u>Leyva v. Medline Indus. Inc.</u>, 716 F.3d 510, 512 (9th Cir. 2012). Rule 23(b)(2) requires that the party opposing the class "has acted or refused to act on grounds that apply generally to the class . . . .," while Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over individual questions . . ., and that a class action is

3

superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b).

**III. Discussion**

    A.   Mootness

In its Opposition to the motion for class certification, Starbucks raises the threshold issue of Plaintiffs' standing to bring the ADA claim. Where a plaintiff's claim becomes moot prior to class certification, the class action generally becomes moot as well. Slayman v. FedEx Ground Package Sys., Inc., 765 F.3d 1033, 1048 (9th Cir. 2014).

Defendant has submitted evidence that no California Starbucks location currently has a handoff counter higher than thirty-four inches. (Declaration of Gina Klem ¶ 4.) "Because a private plaintiff can sue only for injunctive relief . . . under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011) (internal citation omitted); See also Hernandez v. Polanco Enter's, Inc., 19 F.Supp.2d 918, 926 (N.D. Cal. 2013).

In an attempt to sustain their ADA class claim, Plaintiffs contend that an exception to the mootness doctrine applies here. (Reply at 8.) "Inherently transitory" class claims, which by their nature are capable of repetition or likely to repeat as to the class, are not mooted upon the mooting of the proposed class representative's claim. Slayman, 765 F.3d at 1048; Pitts v. Terrible Herbst Inc., 653

4

F.3d 1081, 1090-91 (9th Cir. 2011).[1]  A defendant's litigation decision to "pick off" a named class representative may also render a claim transitory and preclude a finding of mootness. Pitts, 653 F.3d at 1091; Luman v. Theismann, No. 13-cv-656 KJM, 2014 WL 443960 at *5-6 (E.D. Cal. Feb. 4, 2014) (finding refund payment prior to filing of complaint did not constitute a litigation strategy sufficient to invoke transitory claim exception to mootness).

Plaintiffs appear to suggest that Defendant has picked off class representatives in a "perpetual cat and mouse game whereby Plaintiffs . . . visit a store and Starbucks then fixes those counters and asserts mootness."  (Reply at 8-9.) The record before the court, however, does not support that conclusion.  Starbucks has not lowered handoff counters only at those stores visited by the named Plaintiffs, nor limited its alterations to the broader set of stores specifically identified in the SAC.  Rather, Defendant has addressed the handoff counter height issue at each and every one of its stores in California.  That course of action does not constitute a focused attempt to "pick off" the named Plaintiffs here.  Nor, given the all-encompassing scope of Defendant's efforts, is the class likely to encounter or re-encounter the barriers alleged.  The "transitory claim"

---

[1] Plaintiffs do not contend that the "voluntary cessation" exception applies.  Nor could they, as there is no indication that Starbucks is likely to re-raise its handoff counters to an ADA-violative height or that previous, higher counter heights have had some ongoing pernicious effects.  See Barnes v. Healy, 980 F.2d 572, 580 (9th Cir. 1992).

exception to the mootness doctrine therefore does not save Plaintiffs' class claim.

Plaintiffs also contend that the absence of the alleged violations within California does not moot Plaintiffs' ADA claim because Plaintiff Taruc, at the very least, regularly travels outside California, and has encountered a high handoff counter at a Starbucks store in Arizona. (Reply at 6-7.)

Plaintiffs, however, do not allege any of these facts regarding Plaintiff Taruc in the SAC, and raise them for the first time in their reply in support of the instant motion. Defendant has therefore had no opportunity to respond to Plaintiffs' contentions. In any event, Plaintiffs have not carried their burden to demonstrate that Taruc's claims, and the defenses against them, are typical of those of the class, nor that Taruc would be an adequate class representative. While Plaintiffs are free to seek leave to amend their complaint, any attempt to certify a class by a putative representative whose claims arise hundreds of miles from his home is almost certain to raise adequacy, typicality, standing, and other issues which, at the very least, will require a much fuller discussion than that of the parties here.

For similar reasons, this court declines Plaintiffs' invitation to certify Abbey Grove, an Ohio resident, as a class representative. Plaintiffs' SAC makes no mention of Grove, who declares that she encountered a raised handoff counter at a Starbucks location in Columbus, Ohio, and that

6

she intends to return to that location.  (Declaration of Abbey Grove ¶¶ 4-5.)  No motion to intervene is pending before this court.  Furthermore, Plaintiffs make no effort to explain why Ms. Grove should be permitted to intervene at this juncture beyond stating that Ms. Grove "unquestionably has a live claim."  This court does not, at this stage, express any opinion on whether Ms. Grove would be an appropriate intervenor in this case in this venue.

Plaintiff's ADA claim, as alleged in the SAC, is moot. Plaintiffs' motion to certify and ADA class is, therefore, denied.

### B.  Unruh Act

Plaintiffs ADA claim serves as the basis for their claim under the Unruh Act, which incorporates the ADA.[2]  Cal. Civil. Code § 51(f).  Unlike the ADA, however, the Unruh Act provides for statutory penalties in addition to injunctive relief.  Cal. Civil Code § 52.  Plaintiffs' Unruh Act claims, therefore, are not rendered moot by Defendant's changes to handoff counter heights in California.

Plaintiffs seek to certify an Unruh Act class under Rule 23(b)(3).  Plaintiffs must, therefore, satisfy the requirements of Rule 23(a) and show that "questions of law or fact common to class members predominate over individual questions . . ., and that a class action is superior to other

---

[2] Plaintiffs' Reply makes brief reference to an alternative theory of liability based not on an ADA violation, but on Defendant's "discriminatory service policy."  (Reply at 25.)  This theory is not discussed in detail, is somewhat unclear to the court, and appears better suited to discussion in the context of a motion to dismiss

7

available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Courts in this circuit have explained that an ADA violation alone does not entitle an Unruh Act plaintiff to damages. See Antoninetti v. Chipotle Mexican Grill, Inc., No. 6-cv-2671 BTM, 2012 WL 3762440 at *5-6 (S.D. Cal. Aug. 28, 2012); Moeller v. Taco Bell Corp., No. C 2-5849 PJH, 2012 WL 3070863 at *5 (N.D. Cal. Jul. 26, 2012). Rather, "each class member must show how he or she was personally affected and was denied full and equal access by the defendant. Moeller, 2012 WL 3070863 at *5 (citing Urhausen v. Longs Drugs Stores California, Inc., 155 Cal.App.4th 254, 266 (2007); See also Antoninetti, 2012 WL 3762440 at *6; Doran v. 7-Eleven, Inc., 509 Fed.Appx. 647 (9th Cir. 2013) (unpublished disposition) (affirming grant of summary judgment to defendant where Unruh Act plaintiff failed to prove that he "experienced difficulty, discomfort, or embarrassment.") (internal quotation and citation omitted).[3]

The Antoninetti court addressed facts similar to those presented here. There, a putative class of mobility-impaired persons brought an Unruh Act claim based on 45-inch high food preparation counters at Chipotle restaurants where the opportunity to view the food preparation process was an important part of the "Chipotle experience." Antoninetti, 2012 WL 3762440 at *1. In denying class certification, the court, pointing to evidence that at least one patron was able

---

[3] Plaintiffs assert that their alternative, non-ADA theory of liability would not fall under this standard. See note 2, supra.

8

to see the food preparation area despite high counters, found that individualized determinations would be required to determine just how high a particular counter was "and how high the class member sat in his wheelchair at the relevant time," presumably because such height would affects the class member's sight line and, therefore, ability to enjoy the "Chipotle experience." Id. at 7. Similarly individualized inquiries would be required here with respect to high handoff counters, and would predominate over the relatively straightforward common question whether handoff counters of a certain height violated the ADA.[4] See also Moeller, 2012 WL 3070863 at *5. Because Plaintiffs cannot satisfy the requirements of Rule 23(b)(3), the proposed Unruh Act class cannot be certified.[5]

///

///

///

---

[4] This is not to suggest, as Defendant advocates, that Unruh Act claims are inherently incapable of class treatment. An alleged barrier's ubiquity, severity, and uniformity of impact will, of course, vary from case to case.

[5] While the court in Castaneda v. Burger King did certify class claims under the Unruh Act, it did so alongside ADA claims, did not certify the broad class the plaintiff sought to certify, and did not conduct a separate analysis of predominance or the other Rule 23 factors with respect to the Unruh Act claims. See Castaneda v. Burger King, 264 F.R.D. 557, 571-74 (N.D. Cal. 2009).

9

**IV.   Conclusion**

For the reasons stated above, Plaintiffs' Motion for Class Certification is DENIED.

IT IS SO ORDERED.

Dated: February 12, 2015

DEAN D.  PREGERSON
United States District Judge

10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.    CV 12-05027 DDP (AJWx)                    Date    September 21, 2016

Title    TIMOTHY VONDERSAAR -V- STARBUCKS CORP., et al

---

Present: The
Honorable            DEAN D. PREGERSON, U.S. DISTRICT JUDGE

| Patricia Gomez | None Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

None Present                                         None Present

Proceedings:
## MINUTE ORDER (IN CHAMBERS)

---

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. See 28 U.S.C. § 1367(c); Oliver v. Ralphs Grocery Co., 654 F.3d 903, 911 (9th Cir. 2011). Defendant's Motion to Dismiss is GRANTED (Dkt. No. 208). Plaintiff's state law claim is DISMISSED, without prejudice. (JS-6)

                                                        :    N / A

                            Initials of Preparer        PG

---