**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY VONDERSAAR, individually and on behalf of other members of the general public similarly situated; ORLANDIS HARDY, Jr., individually and on behalf of other members of the general public similarly situated; JAAROME WILSON, individually and on behalf of other members of the general public similarly situated; BERNARD TARUC, individually and on behalf of other members of the general public similarly situated,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>STARBUCKS CORPORATION, a Washington corporation,<br><br>        Defendant-Appellee. | No.   16-56555<br><br>D.C. No.<br>2:12-cv-05027-DDP-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 12, 2018[**]
Pasadena, California

Before:  ROGERS,[***] BYBEE, and WATFORD, Circuit Judges.

Plaintiffs are California residents who allege that beverage handoff counters in Starbucks coffee shops exceed 36 inches in height in violation of the Americans with Disabilities Act ("ADA") Accessibility Guidelines.  Plaintiffs filed this putative class action seeking injunctive relief under Title III of the ADA, 42 U.S.C. § 12182, and damages under California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.  The district court denied class certification on the ADA claim and dismissed it as moot because Starbucks had already lowered all its beverage handoff counters in California to be within the 36 inch maximum.  The district court also denied class certification on plaintiffs' Unruh Act claim, declined supplemental jurisdiction over that claim, and dismissed it without prejudice.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John M. Rogers, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiffs appeal only the denial of class certification on their Unruh Act claim. We have jurisdiction under 28 U.S.C. § 1291.[1] "We review a district court's order on class certification for an abuse of discretion." *Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008). For the reasons stated below, we affirm.

Plaintiffs primarily argue that the district court abused its discretion by failing to certify a class of individuals who were subject to a "discriminatory service policy" that Starbucks allegedly maintained in stores with beverage handoff counters exceeding 36 inches in height. Plaintiffs, however, pled no such class in their Second Amended Complaint and never sought leave to amend to plead such a class. The district court did not abuse its discretion by not certifying a class that plaintiffs never pled.[2]

Nor did the district court abuse its discretion by declining to certify the Unruh Act class that plaintiffs actually pled in the Second Amended Complaint based on Starbucks' alleged violation of the Accessibility Guidelines. Plaintiffs

---

[1] Were we to agree with plaintiffs and reverse denial of class certification, the district court's decision to decline supplemental jurisdiction would not preclude subject matter jurisdiction over this action because plaintiffs also assert jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

[2] Plaintiffs' opening brief purports to quote the Second Amended Complaint but adds the words "and a discriminatory service policy" to the proposed class definitions. In fact, while these words are in plaintiffs' motion for class certification, they do not appear as class definitions or allegations in the complaint.

seek to certify a class under Federal Rule of Civil Procedure 23(b)(3) and must

therefore show, inter alia, that "questions of law or fact common to class members

predominate over any questions affecting only individual members."  Fed. R. Civ.

P. 23(b)(3).  Here, however, class-wide issues do not predominate over the

numerous individual questions posed by plaintiffs' Unruh Act claims, including

whether a class member is disabled, which Starbucks store or stores he visited,

how many visits he made, how high the handoff  counter was at the time he visited,

whether he presented himself with the intent of purchasing a product, what that

product was and whether it would normally have been served via the handoff

counter, and whether the class member was actually denied full and equal access.

*See Bartlett v. Hawaiian Vill., Inc.*, 151 Cal. Rptr. 392, 394 & n.6 (Cal. Ct. App.

1978) (Unruh Act claim required that "each plaintiff must independently establish

that he presented himself to The Club Baths and demanded admittance, that he

tendered the admission fee, that he was ejected or refused admission, that he

possessed one or more of the enumerated characteristics, and that his ejection or

exclusion was otherwise without good cause"); *see also* Cal. Civ. Code § 55.56(a)

(limiting damages under the Unruh Act to instances where violations of a

construction-related accessibility standard "denied the plaintiff full and equal

access to the place of public accommodation on a particular occasion").

**AFFIRMED.**